**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| E. SANCHEZ, R. SANCHEZ, C. RODRIGUEZ and S. FIGUEROA, | No. 09-56913 |
| Plaintiffs-Appellants, | D.C. No. 04-CV-09991-ABC-SS |
| v. | |
| WILLIAM J. BRATTON, JAMES CANALES, WESLEY WOO, MIKE ARAI, RUBEN GONZALEZ, WILLIAM LANTZ, MAX REDE, ALEX RONQUILLO, JOE VASQUEZ, PAUL HIGA, RICHARD SCHUMSKY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted May 5, 2011
Pasadena, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and HAWKINS, Circuit Judges, and COGAN, District Judge.[**]

Plaintiffs, the parents, grandmother and aunt of then-probationer Oscar Sanchez ("Oscar"), appeal the district court's grant, on summary judgment, of qualified immunity to law enforcement defendants on the illegal search branch of their claim under 42 U.S.C. § 1983. We affirm.

On the threshold constitutional question, we reject plaintiffs' invitation to depart from binding Circuit law that has consistently recognized no constitutional difference between probation and parole for purposes of the Fourth Amendment. *Sanchez v. Canales*, 574 F.3d 1169, 1174 n.3 (9th Cir. 2009); *Motley v Parks*, 432 F.3d 1072, 1083 n. 9 (9th Cir. 2005) (*en banc*). We have already concluded, in the earlier interlocutory appeal in this case, that both parole and probation conditions "are categorically sufficient to justify the invasion of privacy entailed by a home search," *Sanchez*, 574 F.3d at 1174, and have likewise already determined, for qualified immunity purposes, that *Knights v. United States*, 534 U.S. 112 (2001) (on which plaintiffs rely here), cannot be read as having clearly established a requirement of individualized suspicion for warrantless probation searches.

---

[**] The Honorable Brian M. Cogan, U. S. District Judge for the Eastern District of New York, Brooklyn, sitting by designation.

*Motley*, 432 F.3d at 1084; *United States v. Kincaide,* 379 F.3d 813, 830 (9th Cir. 2004).

On the qualified immunity determinations made by the district court, we affirm on the basis of this Court's *en banc* decision in *Motley*, which resolved a qualified immunity claim in favor of law enforcement defendants on materially similar facts. The portion of the record applicable to the district court's *Motley* findings is undisputed and, we conclude, fully supports the district court's conclusion that at the time of the search defendants had probable cause to believe that Oscar was a probationer residing at plaintiffs' home. Likewise, the district court took accurate account of the state of suspicionless search law in December 2003 when concluding that defendants did not violate any clearly established right of plaintiffs.

Plaintiff Eva Sanchez ("Eva") also appeals the district court's grant of summary judgment in favor of defendants on her civil RICO claim. We affirm. Without addressing the district court's decision to "strike" Eva's declaration, we conclude that summary judgment was appropriate because, even considering Eva's declaration, no reasonable juror could have concluded that Eva was "injured in [her] business or property." 18 U.S.C. § 1964 (c).

Plaintiffs have abandoned their remaining claims by failing to address them in their opening or reply briefs. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994-95 (9th Cir. 2009).

AFFIRMED.